EVA DICKESCHEID, as Administratrix, etc., of GEORGE J. DICKESCHEID, Deceased, Appellant, v. JOHN F. BETZ, Respondent.

*Negligence — explosion from the varnishing of a cask — use of a lantern in the cask — return of the lantern to the cask, after the completion of the varnishing, in violation of a rule.*

In an action brought to recover damages resulting from the death of the plaintiff's intestate, while employed in the defendant's brewery, it appeared that from time to time it was necessary to varnish the interior of large casks used in the brewery; that, in the process of varnishing a cask, two persons entered the cask through an opening in one end thereof, using a lantern which was suspended from a hook in the top of the cask; that the persons engaged in the work were obliged to stay in the cask until the whole of it had been varnished, with the exception of a small portion around the opening, which was completed after the men had gone out of the cask and the lantern had been removed, by one of them standing on the outside and extending his arm and hand into the cask.

On the day in question the plaintiff's intestate and one Roos were directed to varnish the interior of certain casks situated in the basement of the building. After they had completed the work on one of the casks, with the exception of the space about the opening, they came out of the cask and removed the lantern therefrom. Roos then handed the lantern to the intestate and went upstairs, and shortly thereafter an explosion occurred and the intestate ran upstairs with his clothing in flames and was so severely burned that he died shortly thereafter. The lantern was found intact inside the cask with the flame extinguished and the interior of the cask was scorched and blackened. No

witness was produced as to just how the accident occurred or what was the cause thereof.

The work of varnishing a cask usually required from ten to fifteen minutes, and it appeared that sufficient heat could be generated by the lantern used in fifteen or twenty minutes to ignite the vapor arising from the varnish. It also appeared that the lantern in question had been in use for a period of six years and that but one similar accident had ever occurred, which was prior to the time when the defendant acquired the brewery. There were other and better appliances for the purpose, some of which were in general use.

*Held*, that the question whether or not the defendant was negligent in using the lantern was one of fact for the jury to determine;

That, even if the jury should find that the defendant was guilty of negligence in using the lantern, and that the lantern was the cause of the explosion (although there was no evidence to that effect), the plaintiff could not recover, as the defendant had, to the knowledge of the intestate, promulgated a rule that, after the cask had been varnished and the lantern had been taken out of it, it should not again be put into the cask, and it was, therefore, the negligence of the intestate in violating the defendant's orders which caused the explosion.

LAUGHLIN, J., dissented.

APPEAL by the plaintiff, Eva Dickescheid, as administratrix, etc., of George J. Dickescheid, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 13th day of March, 1902, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*Theodore H. Lord*, for the appellant.

*Abram I. Elkus*, for the respondent.

McLAUGHLIN, J. :

Action to recover damages for the death of plaintiff's intestate, upon the ground that the same was caused by defendant's negligence.

The intestate was an employee in defendant's brewery, and while engaged in varnishing the interior of a cask was fatally burned by an explosion of the fumes arising from the varnish. The cask was of about 100 barrels capacity, and from time to time it became necessary to varnish the interior of it. There was an opening in one end, through which persons who did the varnishing entered. The process of varnishing consisted of two persons entering the cask through this opening, with a lantern which was then suspended from

a hook in the top of the cask. The fumes which arose from the varnish were such that it required the persons doing the work to place a sponge over their noses and mouths. It usually required from ten to fifteen minutes to varnish a cask of this capacity, during which time no one was permitted to go near it. The work was such that the persons were obliged to stay in the cask until the whole of it had been varnished, except a small portion around the opening, which was not completed until after the men had gone out of the cask and the lantern removed, and then that was completed by a person standing on the outside and extending his arm and hand into the cask.

On the 26th of November, 1898, the plaintiff's intestate and one Roos were directed by defendant's foreman to varnish the interior of certain casks of the capacity already referred to. They entered upon their work and had completely varnished one cask, and so far finished the second one that they had gone out of it and removed the lantern therefrom. When Roos came out of the cask he handed the lantern to the intestate and went upstairs (the casks were in the basement of the building), and very soon thereafter an explosion occurred, and the intestate ran upstairs with his clothing in flames, and was so severely burned that he died shortly thereafter. Upon going into the basement the lantern was found intact, inside the cask, except the flame was extinguished. The interior of the cask was scorched or blackened.

No witness was produced as to just how the accident occurred or what was the cause of it. The plaintiff was nonsuited, and the question presented is whether or not, upon the facts stated, a case was made for the jury. The appellant contends that it was for the jury to say whether the defendant had furnished the intestate with proper appliances, and a reasonably safe place in which to do his work; or, in other words, whether the death of the intestate was due to the defendant's omission to furnish some other means for lighting the interior of the cask while it was being varnished. The lantern used on the occasion had been in use since 1892, and so far as appears, no accident had ever occurred similar to the one in question, except in one instance, and that was prior to the time the defendant acquired the brewery. That there were other or better appliances did not necessarily obligate the defendant to use them, because he

discharged his full duty, if the one which he did furnish was reasonably safe and suitable for the work, and such as a prudent man would use if he were doing the varnishing himself. (*Burke* v. *Witherbee*, 98 N. Y. 562.) However, in view of the fact that there was evidence tending to establish that there were other and better appliances which might have been, and some of which were in general use, taken in connection with the evidence that it would take from ten to fifteen minutes to varnish a cask, and that sufficient heat could be generated by the lantern used in fifteen or twenty minutes to ignite the vapor, we are of the opinion that it is a question of fact for the jury to say whether or not the defendant was negligent in using the lantern.

But assuming this to be true, it does not aid the plaintiff. The evidence is uncontradicted to the effect that the defendant had a rule, of which the intestate had knowledge, that after the cask had been varnished inside and the workmen had taken the lantern out it was not to be again put into the cask. Here, as already stated, the work had been so far completed that Roos and the intestate had gone out of the cask and taken the lantern with them. After the explosion the lantern was found inside of the cask. Therefore, if it be assumed (and there is no evidence of it) that the lantern caused the explosion, it was by reason of the intestate's own negligence in violating defendant's orders in putting the lantern back into the cask. Roos, when he went upstairs, handed the lantern to the intestate and no one was permitted near the cask, as already said, except Roos and the intestate, and, therefore, the jury could not have found otherwise than that the lantern was put back into the cask by the intestate, and this finding would necessarily have required them to find, in view of defendant's orders, if the lantern were the cause of the explosion, that his own negligence contributed to his injury.

For these reasons we are of the opinion that the judgment appealed from should be affirmed, with costs.

VAN. BRUNT, P. J., PATTERSON and O'BRIEN, JJ., concurred; LAUGHLIN, J., dissented.

Judgment affirmed, with costs.